VIVIAN ELLIS REILLY, Plaintiff, *v.* EDWARD J. REILLY and NELLIE R. REILLY, Defendants.

Supreme Court, Kings Special Term, April, 1924.

Depositions — examination of defendant before trial — action pending in New York county — place for examination fixed in Kings county, where defendant resides — motion to vacate notice must be made in New York county.

A motion to vacate a notice for the examination of a defendant before trial in an action pending in New York county must be made in said county although the place for the examination is fixed in Kings county, where the defendant resides.

MOTION to vacate notice for examination of defendant.

*S. Earl Levene,* for plaintiff.

*John J. Riordan (Fred L. Gross,* of counsel), for defendants.

CARSWELL, J. This is a motion to vacate a notice of examination of the defendants. The preliminary objection is made that this motion may not be entertained by this court. The action in which the notice was served is pending in New York county. The place for the examination of the defendants is fixed in Kings county, because the persons sought to be examined are residents of Kings county. This was pursuant to section 300 of the Civil Practice Act, which provides that a person " shall not be required to attend in any county, other than that in which he resides * * *." The Rules of Civil Practice, rule 63, subdivision 1, require motions to be made within the judicial district in which the action is triable or in a county adjoining the county in which it is triable. Rule 63 also provides (Subd. 2) that where the action is triable in the first district, such motions must be made in that district.

The provision in section 300 of the Civil Practice Act with respect to prohibiting the examination of a person in any county other than that in which he resides, does not lessen the requirement in rule 63, that motions in an action with respect to such

examinations before trial be made in the district where the action is triable, which place in this case would be New York county.

The purpose of section 300 of the Civil Practice Act is to subserve the convenience of the person sought to be examined *when such a person complies with the notice or requirement with respect to an examination.* In such a case rulings on questions propounded in the course of such examination would not involve the mak ng of any motions by either party. Where such a person, sought to be examined, challenges the notice and seeks to have it vacated, no affirmative provision subserving his convenience is made in either the rules or the Civil Practice Act. Therefore, the general rule applies, with respect to where motions in an action must be made.

In this case, therefore, the proper county in which to make a motion to vacate the notice for examination is New York county and not Kings county. The motion is, therefore, denied, without prejudice to moving in the proper county to vacate the notice in whole or in part upon the merits.

Ordered accordingly.